UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

BARRY E. JONES,

                Plaintiff,

v.

DOMINION LAW ASSOCIATES, ET. AL,

                Defendants.

Civil Action No. 3:11–CV–552

## MEMORANDUM OPINION

THIS MATTER is before the Court on a Motion to Dismiss ("Motion") filed by Defendant Dominion Law Associates (the "Firm"), and individual defendants Guion H. Willis, Jr., P.M. Kubin, S.J. Zecca, G.H.Willis, J.S. Marks, C.B. Krohn, and T.C. French (the Firm, together with the individual defendants, collectively referred to as "Defendants"). (Doc. No. 6). After examining the record and the memoranda filed by both parties, the Court finds that oral argument is unnecessary because the facts and contentions are adequately presented and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, the Court GRANTS the Defendants' Motion and DISMISSES Plaintiff's Complaint WITH PREJUDICE.

### I. BACKGROUND

On August 23, 2011, Plaintiff Barry E. Jones filed this action against Defendants alleging a one-count violation of the Fair Debt Collection Practices Act (FDCPA). Plaintiff allegedly incurred a consumer debt (the "Debt") when he failed to make payments on his

1

account with FIA Card Services, N.A. (Defs.' Mem. Supp. Mot. Dismiss ("Defs.' Mot.") 4). FIA Card Services, N.A. engaged the Firm to collect Plaintiff's Debt. (Defs.' Mot. 4). Plaintiff alleges that on or about April 7, 2010, Defendants sent him a letter attempting to collect the Debt. (Pl.'s Statement of Claim ("Compl.") 3). Plaintiff also alleges that on June 23, 2010, Plaintiff sent the Firm a letter requesting the validation of the Debt. (Compl. 3). According to Plaintiff, on February 22, 2011, without validating the Debt, Defendants sent him a second debt collection letter in violation of 15 U.S.C. § 1692g(b). Plaintiff contends that the absence of the validation of the Debt and the "wrongful actions of Defendants in an attempt to collect the alleged debt, violated [his] civil rights." (Compl. 2-3).

On September 21, 2011, Defendants filed this Motion to Dismiss Plaintiff's Complaint for failing to state a claim upon which relief can be granted. Because Plaintiff proceeds *pro se*, Defendants provided a *Roseboro* notice of this dispositive pleading to Plaintiff.

## II. **LEGAL STANDARD**

Under Rule 12(b)(6), a defendant can challenge the sufficiency of the pleadings on the grounds that the pleadings fail to state a claim upon which the Court can grant relief. Fed. R. Civ. P. 12(b)(6). Where a motion pursuant to Rule 12(b)(6) contends that a plaintiff's pleadings are insufficient to show entitlement to relief, a court must resolve the motion by reference to the allegations in the complaint. *See Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). The question then before the court is whether the complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief" in both "law and fact." *Id.* at 192-93.

The pleadings need not be supported by evidence but must "state a claim to relief *that is plausible on its face.*" *Id.* at 193 (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). A plausible claim is one that contains more than just "unadorned, the-defendant-unlawfully-harmed-me-accusation[s]." *Iqbal*, 129 S.Ct. at 1949. If the complaint alleges—directly or indirectly—each of the elements of a viable legal theory, the plaintiff should be given the opportunity to prove that claim.

In resolving a 12(b)(6) motion, a court must regard as true all of a plaintiff's well-pleaded allegations, *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), as well as any facts that could be proven consistent with those allegations, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In contrast, the court does not have to accept legal conclusions couched as factual allegations, *Twombly*, 550 U.S. at 555, or "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). *See also Iqbal*, 129 S. Ct. at 1950. With these principles in mind, a court must ultimately ascertain whether the plaintiff has stated a plausible, not merely speculative, claim for relief.

### III. DISCUSSION

Plaintiff asserts a violation of the FDCPA against Defendants. Plaintiff argues that Defendants violated § 1692g(b) of the FDCPA when Defendants contacted Plaintiff a second time without validating the Debt as requested by Plaintiff.

1. **Parties' Arguments**

Defendants argue that Plaintiff fails to state a claim upon which relief can be granted on the following grounds: (1) Plaintiff's Complaint is mostly a "cut-and-paste collection of

statutory language, labels, and legal conclusions" without "any factual basis"; (2) assuming *arguendo* that the Defendant sent the initial debt collection letter to Plaintiff on April 7, 2010, Plaintiff still fails to state a claim because June 23, 2010 (the date Plaintiff allegedly sent a request for the Debt validation) is outside the thirty-day window in which Plaintiff could request a debt validation in accordance with 15 U.S.C. § 1692g; and (3) because the authentic copy of the first debt collection notice was sent by Defendants to Plaintiff in September 2009, Plaintiff's request for validation also falls outside the statutory thirty-day period. (Defs.' Mot. 4, 5).

In response, Plaintiff argues that Defendants filed the Motion in bad faith and that Plaintiff specified sufficient factual basis by stating: "[Defendants] contacted Plaintiff via mail and the Plaintiff requested validation within the required time frame allowed by law. All dates can and will be established by discovery[;] [and Defendants] never validated [the Debt] within the required time frame of 30 days . . . ." (Pl.'s Resp. Def. Mot. Dismiss ("Pl.'s Resp.") 1).

### 2. Analysis

In order to prevail on a claim under the FDCPA, a plaintiff must sufficiently allege that (1) the plaintiff is the object of a collection activity arising from a consumer debt as defined by the FDCPA, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant engaged in an act or omission under the FDCPA. *Dikun v. Streich*, 369 F. Supp. 2d 781, 784-85 (E.D. Va. 2005) (citation omitted). The issue in this case is the third element—whether Defendants engaged in an act or omission under the FDCPA.

4

Under Section 1692g(b) of the FDCPA:

> If the consumer notifies the debt collector in writing within the thirty-day period [from the consumer's receipt of the debt collection notice] that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector . . . .

I5 U.S.C. § 1692g(b). Thus, a debt collector violates the FDCPA if it attempts to collect a debt where (1) the consumer disputes or requests a validation of the debt in writing, <u>and</u> (2) such a writing is sent to the debt collector within thirty days of the consumer's receipt of the initial debt collection notice.

Here, Plaintiff alleges that on or about April 7, 2010, Defendants sent Plaintiff the initial debt collection notice. (Compl. 3). Plaintiff then asserts that on June 23, 2010, Plaintiff sent Defendants a letter requesting the validation of the Debt. Assuming these facts are true, because June 23, 2010 is more than thirty days after the initial notice of April 7, 2010, Plaintiff's request for validation falls outside of the statutory period. Therefore, Plaintiff fails to state a claim upon which relief can be granted.

The Court need not reach Defendants' third point that the first debt collection notice to Plaintiff was actually sent on September 14, 2009, because from the record, the Court cannot verify either the authenticity of the attached letter or Plaintiff's receipt of the letter.

5

## IV. **CONCLUSION**

For the reasons stated above, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's Complaint for failing to state a claim upon which relief could be granted. The Court DIMISSES Plaintiff's Complaint WITH PREJUDICE.

An appropriate Order will accompany this Opinion.

```
_____/s/_____
James R. Spencer
Chief United States District Judge
```

ENTERED this ___8th___ day of November 2011.